# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,
                    Plaintiff,

          v.                                    Case No. 10-C-0993

CYNTHIA THORPE, et al.,
                    Defendants.

## DECISION AND ORDER

On November 8, 2010, plaintiff Christopher Goodvine, who is currently incarcerated at Columbia Correctional Institution ("CCI"), filed a complaint seeking relief under 42 U.S.C. § 1983 and Wisconsin state law. The complaint raises two claims. The first is a claim for damages in which Goodvine alleges that he was incarcerated at Green Bay Correctional Institution ("GBCI") between 2007 and 2009, and that during this time personnel at GBCI deprived him of adequate medical treatment in connection with his tendency to refuse food and fluids. The second claim is a claim for damages and injunctive relief against personnel at CCI. In this claim, Goodvine alleges that the CCI defendants failed to properly treat him during his hunger strikes and that this failure is ongoing and poses an imminent threat to his health. Goodvine has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, has requested that the court recruit pro bono counsel to represent him pursuant to 28 U.S.C. § 1915(e)(1), and has filed a motion for a temporary restraining order and a preliminary injunction in connection with his claim against the CCI defendants.

At the outset, I address whether plaintiff has properly joined his claims against the GBCI defendants with his claims against the CCI defendants. The Federal Rules of Civil Procedure permit a plaintiff to join multiple persons in one action as defendants only if two

conditions are satisfied. First, the claims against the defendants must arise out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Second, the claims must present a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B). In the present case, Goodvine's claims against the GBCI defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against the CCI defendants. Although both claims involve the alleged improper treatment of Goodvine's hunger strikes, they involve separate hunger strikes that occurred at different correctional institutions, and the defendants involved in the respective hunger strikes are not the same. Thus, Rule 20 does not permit Goodvine to join his claims against the GBCI defendants with his claims against the CCI defendants.

Rule 21 of the Federal Rules of Civil Procedure provides that misjoinder of parties is not a ground for dismissing an action. Instead, the court may, "on just terms," drop the improper party or parties. Fed. R. Civ. P. 21. Alternatively, the court may sever the claims against the misjoined parties into separate actions. In the present case, I find that the appropriate remedy is to sever the claims against the GBCI defendants and the CCI defendants into two separate actions. Therefore, this case will be returned to the Clerk of Court, who shall initiate two new cases with two new case numbers. The lower-numbered case shall involve the claims against the GBCI defendants. The higher-numbered case shall involve the claims against the CCI defendants. The Clerk shall randomly assign these new cases to judges of this court in accordance with General Local Rule 3(a) and Civil Local Rule 3. Both cases shall be deemed to have been commenced on the date that the complaint in the present action was filed. Except for the filings relating to Goodvine's

motion for a temporary restraining order and preliminary injunction against the CCI defendants (Docket ##3 & 4), all documents filed in the present action shall be docketed in both new cases. The documents relating to the motion for a temporary restraining order and preliminary injunction shall be docketed only in the higher-numbered case. The Clerk may then close the present case. At some point, an appropriate amended complaint should be filed in each new action. However, until amended complaints are filed, the present complaint will serve as the operative complaint in both actions, with the understanding that the allegations concerning the correctional institution involved in the other action may be ignored.

Although this action must be reassigned as discussed above, I will address plaintiff's motion for a temporary restraining order, given the urgent nature of the motion. Under Federal Rule of Civil Procedure 65(b), a temporary restraining order may be issued without notice to the adverse party only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition, and (2) the applicant's attorney (or, as here, the pro se litigant) certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. These stringent restrictions on the availability of ex parte relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974).

In the present case, Goodvine contends that the CCI defendants do not monitor him closely enough when he engages in hunger strikes. He contends that, pursuant to the Wisconsin Department of Correction's own policies for dealing with hunger strikes, the CCI defendants should be doing more than they presently do to ensure his health. Goodvine requests a temporary restraining order that instructs the CCI defendants to provide Goodvine with "adequate medical treatment during his bouts of starvation/dehydration, to include any ekg, labs, and/or intravenous or nasal-gastric tubing necessary to preserve his life." (Mot. at 7.)

However, although Goodvine asserts that CCI does not adequately treat him during hunger strikes, he does not allege that he is presently engaged in a hunger strike or that he plans to engage in a hunger strike in the immediate future. In this regard, I note that Goodvine's motion for a temporary restraining order is dated July 16, 2010, and that it describes events that occurred in January and July 2010. I am not sure why Goodvine did not file this motion until November 8, 2010, but in any event he does not describe facts creating a sense of extreme urgency that would justify an award of injunctive relief before the defendants have had an opportunity to respond to Goodvine's allegations. To be sure, Goodvine states that he cannot control his urges to starve himself and refuse fluids, and thus there is some risk that Goodvine will begin a hunger strike at any moment. But in light of Goodvine's several month delay in filing the present motion, I cannot say that delaying injunctive relief for a few additional weeks – the time needed to receive a response from the defendants and, if necessary, hold a hearing – will result in irreparable harm. If during these few weeks Goodvine initiates another hunger strike and believes he is receiving

inadequate medical care, he may file a fresh request for a temporary restraining order in which he describes the immediate threat to his health.

Therefore, I will deny Goodvine's motion for a temporary restraining order and require the defendants to file a response to plaintiff's motion for a preliminary injunction on an expedited basis. I will order that this response include a description of the protocol that the CCI defendants plan to follow in the event that Goodvine engages in further hunger strikes, and an affidavit of a qualified medical professional who opines that such protocol is adequate to protect Goodvine's health. Once the defendants file their response, the judge to whom this action is eventually assigned can decide whether an immediate hearing is needed to resolve Goodvine's motion for a preliminary injunction.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the present action be returned to the Clerk of Court for severance and reassignment, as explained above.

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that the CCI defendants file a response to plaintiff's motion for a preliminary injunction within **15 days** of the date of this order. The defendants' response must include an explanation of the protocol that they plan to follow to ensure plaintiff's health during periods in which he refuses food and/or fluids as well as an affidavit of a qualified medical professional indicating that this protocol is adequate.

**IT IS ALSO ORDERED** that copies of this order be transmitted to the Wisconsin Department of Justice pursuant to the Memorandum of Understanding between the Clerk of Court and the Wisconsin Department of Justice.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2010.


/s_____
LYNN ADELMAN
District Judge